IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEON ANDERSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:19-cv-00647 ) JUDGE TRAUGER |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent | ) |

## MEMORANDUM AND ORDER

The court denied the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 4, 2020. (Doc. No. 27.) The petitioner has filed a "Petition for Panel/En Banc Rehearing" in which he seeks reconsideration of his case pursuant to the Federal Rules of Appellate Procedure. (Doc. No. 29 at 1.) Rules 35 and 40 of those Rules, which govern panel and en banc rehearing following judgment, apply to the United States Courts of Appeals and do not pertain to proceedings in this court.

Accordingly, the court construeS the petitioner's motion as a motion to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

The petitioner does not demonstrate circumstances satisfying any of those requirements. He simply reargues his entitlement to relief under Section 2255 and accuses this court of "ignoring [his] complex legal matters." (Doc. No. 29 at 3–4.) Nothing about the petitioner's

motion persuades the court that its previous ruling on his claims was in error or otherwise unjust. The Petitioner's motion is, therefore, **DENIED**.

The petitioner has not made a substantial showing of the denial of a constitutional right, and jurists of reason would not disagree with the denial of this motion. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Castro v. United States*, 310 F.3d 900 (6th Cir. 2002). Accordingly, to the extent a certificate of appealability (COA) is required to appeal from this order, *Esparza v. Anderson*, No. 3:96 CV 7434, 2013 WL 1195542, at *4 (N.D. Ohio Mar. 22, 2013) (observing that it was "not entirely clear whether Esparza is required to obtain a COA from this Court regarding the denial of his Rule 59(e) Motion"), the COA is **DENIED.**

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge