## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **LEON ANDERSON,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | **No. 3:19-cv-00647** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### MEMORANDUM AND ORDER

The court denied movant Leon Anderson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 4, 2020. (Doc. No. 27). Pending before the court is his pro se "Motion to Restart/Reenter Judgment pursuant to Rule 60(b)(1)" in which he asks the court "to set aside the denial of his habeas relief." (Doc. No. 41 at 2).

Federal Rule of Civil Procedure[1] 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

---

[1] "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Gov'g Section 2255 Proceedings.

1

The movant does not demonstrate circumstances satisfying any of those requirements. He simply reargues his entitlement to relief under Section 2255 based on his attorney's alleged ineffectiveness in advising Anderson to plead guilty without sharing discovery materials that would have proved he was innocent. (Doc. No. 41 at 1-2). As the court previously explained, that claim fails for two reasons: (1) the movant cannot overcome the presumption and evidence that counsel reviewed the materials in question with him, and (2) the materials do not, in fact, establish the movant's innocence. (*See* Doc. No. 26 at 10-13). Nothing about the movant's motion persuades the court that its previous ruling on his claims was in error or otherwise unjust. The motion is, therefore, **DENIED**.

The movant also asserts that he was wrongly denied the opportunity to appeal this court's denial of his Section 2255 motion. (*See* Doc. No. 41 at 3) ("In denying Mr. Anderson appellate review, based solely on his 'alleged' failures to timely file, the district court has shown a complete ignorance of the global Covid-19 pandemic and the everyday hinderances and inconveniences [sic] associated with it, as well as ignoring the realities of the U.S. prison system."). Anderson asks the court to "vacate and reenter the judgment by recalling the denial of his habeas petition and allow him to refile [presumably his Notice of Appeal] with a new deadline." (*Id.*)

The district court denied Anderson's Section 2255 motion on May 4, 2020. A May 22, 2020, time-tolling motion to alter or amend the judgment was denied by order entered on July 16, 2020. *See* Fed. R. Civ. P. 59(e) and Fed. R. App. P. 4(a)(4). To be timely, Anderson should have filed his notice of appeal by September 14, 2020. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). However, Anderson placed his notice of appeal into the prison mail system on February 7, 2021. On April 23, 2021, the Sixth Circuit dismissed Anderson's appeal for lack of jurisdiction because the appeal was untimely filed.  (Doc. No. 39).

To the extent Anderson's instant motion could be construed as a motion to reopen case and to extend time to appeal pursuant to Federal Rule of Civil Procedure 4(a)(6), the rule provides:

2

**Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

> **(C)** the court finds that no party would be prejudiced.

As described above, Rule 4(a)(6) specifies three conditions that must be met before a district court may exercise its discretion to reopen the time to file an appeal. Here, Anderson alleges that he attempted to file his notice of appeal in a timely manner, but his efforts were thwarted by United States Postal Service and Bureau of Prison delays. (Doc. No. 41 at 2-3). These reasons are not grounds for the application of Rule 4(a)(6), however. And the Sixth Circuit already has determined that "[t]he statutory provisions permitting the district court to extend or reopen the time to file a notice of appeal . . . do not apply here." (Doc. No. 9, Attach. 2 at 2). As such, this court cannot and will not reopen Anderson's time for filing an appeal.

The movant has not made a substantial showing of the denial of a constitutional right, and jurists of reason would not disagree with the denial of this motion. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Castro v. United States*, 310 F.3d 900 (6th Cir. 2002). Accordingly, to the extent a certificate of appealability (COA) is required to appeal from this order, the COA is **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge